Avi Burkwitz, Esq., Bar No.: 217225
aburkwitz@pbbgbs.com
Sherry M. Gregorio, Esq., Bar No.: 263856
sgregorio@pbbgbs.com
Irene Yousefi, Esq., Bar No.: 328432
iyousefi@pbbgbs.com
Avery Canty, Esq., Bar No.: 343011
acanty@pbbgbs.com
Lusine Arshakyan, Esq., Bar No. 348834
larshakyan@pbbgbs.com
**PETERSON, BRADFORD, BURKWITZ GREGORIO, BURKWITZ & SU, LLP**
100 North First Street, Suite 300
Burbank, California 91502
T: 818.562.5800
F: 818.562.5810

Attorneys for Plaintiff,
RENEE MAXWELL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE MAXWELL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN AIRLINES, INC.; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-01803-FLA-(KSx)<br>Hon. Fernando L. Aenlle-Rocha (Dist. Judge, CourtRoom 6B)<br>Hon. Karen L. Stevenson (Magistrate Judge)<br><br>**PLAINTIFF'S FIRST OPPOSED EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR JOINT STIPULATION COMPELLING DEPOSITION OF LORRAINE CHIN, OR ALTERNATIVELY, THAT THE MOTION BE HEARD AT TIME OF EX PARTE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SHERRY M. GREGORIO, ESQ.**<br><br>Trial Date: November 21, 2023<br>Complaint Filed: February 4, 2022 |

1

PLAINTIFF'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME
Case No: 2:22-cv-01803-FLA-(KSx)

**TO DEFENDANT AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff, RENE MAXWELL, hereby applies Ex Parte for an order shortening time to hear the Joint Stipulation Compelling Lorraine Chin's deposition, or in the alternative, that the motion be heard at the time of Ex Parte. This Ex Parte is also made in compliance with and pursuant to Local Rules 7-19 and 7-19.1.

Good cause exists to shorten the time to hear the motion on the grounds that there is no prejudice to Defendant. Plaintiff, however, will be irreparably prejudiced if the motion is heard on the currently scheduled date of June 21, 2023, because the discovery cut-off day is set for June 30, 2023. Plaintiff will be prejudiced as Plaintiff will have only 9 days to complete the deposition and will not have sufficient time to notice any additional depositions that may be required following the deposition of Ms. Chin or conduct other discovery that may become necessary.

This deposition was initially noticed by Plaintiff in October 2022 and again in January 2023, and set on an anticipated "firm" date following orders by this Magistrate Judge but was arbitrarily and abruptly taken off the calendar by Defendant. Eventually, Plaintiff continued to be cooperative and again re-scheduled the deposition for March 21, 2023. Yet again, at the last minute, Defendant called and canceled it.

Plaintiff seeks this Court's order to expedite the hearing date on Joint Stipulation Compelling Ms. Chin's deposition. The hearing is scheduled for June 21, 2023, and Plaintiff requests the hearing be held at a date and time earlier. Preferably, Plaintiff requests that the Court compel the deposition for a date in early June (June 5, June 7, or June 8), given that this Court has previously ordered this deposition be set over two months ago.

Pursuant to L.R. 7-19, the contact information for Defendant's attorneys of record is as follows: Tanja L. Darrow, Esq., tdarrow@littler.com, Melissa Velez, Esq., mvelez@littler.com, LITTLER MENDELSON, P.C., 633 West 5th Street, 63rd

1  Floor, Los Angeles, California 90071, Telephone: (213) 443-4300, Direct: (213)
2  443-4232, Fax No.: 213.443.4299.

4  DATED: May 11, 2023

                                 **PETERSON, BRADFORD, BURKWITZ, GREGORIO, BURKWITZ & SU**

                          By: /s/ Sherry M. Gregorio
                              Avi Berkowitz, Esq.
                              Sherry M. Gregorio, Esq.
                              Irene Yousefi, Esq.
                              Avery Canty, Esq.
                              Lusine Arshakyan, Esq.
                              Attorneys for Plaintiff,
                              RENEE MAXWELL

PETERSON, BRADFORD, BURKWITZ, GREGORIO, BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND BRIEF PROCEDURAL HISTORY

Plaintiff noticed the deposition of Lorraine Chin on October 4, 2022, noticing the deposition date for November 8, 2022. (See Declaration of Sherry M. Gregorio ¶ 2.) On October 29, 2022, Defendant objected to the deposition notice and failed to provide any alternative dates, despite the fact that another notice of deposition was again served in January 2023 and ignored. (Gregorio Decl. ¶ 2.)

The matter was brought before this Magistrate Judge. (Gregorio Decl. ¶ 3.) At the February 8, 2023, pre-motion discovery conference, Defendant was ordered to work with Plaintiff on setting firm dates for these depositions, and Defendant's counsel, Ms. Velez, assured Plaintiff's counsel and the Court that firm dates would be provided. (Gregorio Decl. ¶ 3.)  As ordered by the Magistrate Judge, Defendant provided what was to be a "firm" deposition date by Friday, February 10, 2023. (Gregorio Decl. ¶3.)

As a result, Plaintiff served an Amended Deposition Notice for Lorraine Chin noticing the deposition for March 10, 2023. (Gregorio Decl. ¶ 4.) On March 3, 2023, Plaintiff informed Defendant that Lorraine Chin's deposition would proceed as scheduled. (Gregorio Decl. ¶ 4; see **Exhibit A**: Parties' Attempts to Meet and Confer dated March 3, 2023 through March 31, 2023, page 16.) On March 6, 2023, Defendant informed Plaintiff that it was "more prudent to table the depositions this week pending wrapping up of written discovery." (Gregorio Decl. ¶ 4; see **Exhibit A**, page 15.) That same day, Plaintiff informed Defendant that Plaintiff would like the depositions to move forward as noticed, but **Defendant unilaterally took Ms. Chin's deposition off calendar, despite the date was court ordered.** (Gregorio Decl. ¶ A; see **Exhibit A**, page 14.) On March 8, 2023, Plaintiff emailed the Defendant asking for firm dates. (Gregorio Decl. ¶ 4; see **Exhibit A**, pages 12-13.)

After a long back and forth, Defendant offered March 28, 2023 for Lorraine Chin on March 14, 2023, the date was confirmed and notice of deposition served.

4

PLAINTIFF'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME
Case No: 2:22-cv-01803-FLA-(KSx)

(Gregorio Decl. ¶ 4; see Exhibit A, pages 8-9.) On March 27, 2023, the day before the deposition, Plaintiff sought to confirm the deposition, and Defendant again unilaterally took the deposition of Ms. Chin off calendar. (Gregorio Decl. ¶ 4; see Exhibit A, pages 4-5.) On March 30, 2023, Defendant stated that they were waiting for confirmation from Lorraine Chin to provide a new available date. (Gregorio Decl. ¶ 4; see Exhibit A, page 3.)

After Plaintiff's counsel rearranged their calendar multiple times to accommodate the Chin deposition, as of this day, no firm date has been selected for Lorraine Chin.

It should be noted that Defendant's repeated delay in producing Ms. Chin is the reason the trial date was previously continued in this case. It is now one month before the discovery cutoff and the witness has still not been produced.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b); accord *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Good cause to modify the scheduling order exists if the moving party shows that, even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order. *Johnson*, 975 F.2d at 609. The focus of the inquiry is on the moving party's reasons for seeking modification. *Id.*

Further, for ex parte relief, a movant must show that (1) its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures and (2) it is "without fault in creating the crisis that requires ex Parte relief, or that the crisis occurred as a result of excusable neglect." Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Here, Plaintiff has good cause for bringing the instant application to expedite the hearing date on Plaintiff's Motion to Compel deposition of Lorraine Chin.

///

### A. Good Cause Exists to Expedite the Hearing Date on Plaintiff's Motion to Compel Deposition of Loraine Chin

Good cause exists to expedite the hearing date on the Joint Stipulation compelling deposition of Lorraine Chin, currently scheduled to be heard on June 21, 2023. Ms. Chin's deposition is extremely important for Plaintiff's case; she is one of the few witnesses that have been deemed the perpetrator, as mentioned multiple times in the complaint. Therefore, it is likely that Ms. Chin's deposition will lead to additional discovery. However, Plaintiff will not have sufficient time to schedule those depositions and make sure that those individuals will be available given that the cut-off date for the discovery is June 30, 2023.

Furthermore, Defendant's unwillingness to produce Lorraine Chin up until now signals the importance of Ms. Chin's testimony and increases the probability that additional parties will need to be deposed.

Plaintiff will be irreparably harmed in the event that the hearing is not heard sooner. Plaintiff will not be able to conduct further necessary depositions due to the time constraints and general evasiveness of Defendants to provide dates for depositions. Thus an ex parte application is necessary to allow sufficient time for Plaintiff to prepare and conclude discovery by the set date.

### B. Plaintiff will be Irreparably Harmed if the Current Timetable Stays

The moving party must show that it will be irreparably prejudiced should the currently set timetable stay. *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488. (C.D. Cal. 1995)

Plaintiff will be irreparably prejudiced if the hearing on Joint Stipulation Compelling the deposition of Ms. Chin is not heard sooner. Ms. Chin is an important witness whose deposition has been scheduled on three separate occasions but arbitrarily taken off calendar by the Defendant. Plaintiff anticipates that the deposition of Ms. Chin will lead to the need to depose other witnesses, however, there will be no time to schedule them. As of the date of this motion Defendants

PLAINTIFF'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME
Case No: 2:22-cv-01803-FLA-(KSx)

have yet to provide dates for Ms. Chin's deposition. It is expected that all other depositions will require Court's intervention and order.

Plaintiff will be severely prejudiced if the hearing on Joint Stipulation to compel deposition of Lorraine Chin remains as scheduled. For this reason, Plaintiff asks the Court to expedite the hearing date.

C. <u>Plaintiff is Without Fault in Creating the Crisis Due to Plaintiff's Numerous Attempts to Schedule the Deposition of Lorraine Chin</u>

According to the Court, the moving party must establish that the moving party is without fault in creating the crisis or that the crisis occurred due to excusable neglect. *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488. (C.D. Cal. 1995)

Here, Plaintiff noticed the deposition of Ms. Chin eight months ago. Even after a trial continuance and a continuance of the discovery cut-off, Plaintiff is still forced to bring this motion to compel, despite this Magistrate Judge having previously ordered the date be set.

It is apparent, that Defendants are unwilling to schedule the date for the deposition and this fact leaves Plaintiff to file an ex parte application to set an earlier date for the hearing on the Joint Stipulation to compel the deposition of Lorraine Chin. Plaintiff, on numerous occasions, attempted to schedule the dates for the deposition, however, Lorraine Chin is the Defendants witness and only Defendant's counsel can produce the witness.

As discussed above, Plaintiff will be irreparably harmed as the time constraints set on ending the discovery will crush any opportunity to depose additional parties.

D. <u>The Deposition Should be Compelled Via This Ex Parte Application</u>

Once again, Plaintiff is forced to seek this Courts intervention in the discovery process. It is apparent that Defendant is reluctant to produce Ms. Chin for a deposition despite a Court order ordering Defendant to set firm dates. Thereby,

Defendant's actions prohibit timely completion of discovery, prejudice Plaintiff and result in a waste of time for this Court.

Plaintiff was forced to file a motion to compel deposition of Ms. Chin, scheduled to be heard on June 21, 2023. The motion is brought after several failed attempts to depose Ms. Chin. However, as this application makes evident, hearing the motion on that date will severely prejudice Plaintiff and inhibit the prospect of completely concluding the discovery by June 30, 2023.

Plaintiff respectfully requests that this Court hear the Joint Stipulation compelling Ms. Chin's deposition on the same day as the ex parte application.

### III.   CONCLUSION

For the reasons discussed above, Plaintiff respectfully requests the Court to expedite the hearing date on the Joint Stipulation Compelling the deposition of Lorraine Chin to allow Plaintiff sufficient time to conduct and complete discovery, or rule on the motion at the time ex parte.

DATED: May 11, 2023

PETERSON, BRADFORD, BURKWITZ, GREGORIO, BURKWITZ & SU

/s/ Sherry M. Gregario
Avi Burkwitz, Esq.
Sherry M. Gregorio, Esq.
Irene Yousefi, Esq.
Avery Canty, Esq.
Lusine Arshakyan, Esq.
Attorneys for Plaintiff,
RENEE MAXWELL

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 100 North First Street, Suite 300, Burbank, California 91502.

On May 11, 2023, I served the foregoing document described as:

**PLAINTIFF'S FIRST OPPOSED EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF LORRAINE CHIN, OR ALTERNATIVELY, THAT THE MOTION BE HEARD AT TIME OF EX PARTE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SHERRY M. GREGORIO, ESQ.**

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

### SEE ATTACHED MAILING LIST

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed document(s) with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system. Participants in this case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ **BY PERSONAL SERVICE:** I delivered such envelope by hand to the addressee.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 11, 2023, in Burbank, California.

/s/ Umbreen A. Desai
Umbreen A. Desai

---

9

**PLAINTIFF'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME**
Case No: 2:22-cv-01803-FLA-(KSx)

# SERVICE LIST

RE: **Maxwell, Renee v. American Airlines, Inc.**

Case No.: 2:22-cv-01803-FLA-(KSx)

Tanja L. Darrow, Esq.
tdarrow@littler.com
Jacob M. Krall, Esq.
jkrall@littler.com
Melissa Velez, Esq.
mvelez@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street, 63rd Floor
Los Angeles, California 90071
Telephone: 213.443.4300
Fax No.: 213.443.4299

Attorneys for Defendant,
AMERICAN AIRLINES, INC.

PETERSON, BRADFORD, BURKWITZ, GREGORIO, BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

10

**PLAINTIFF'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME**
Case No: 2:22-cv-01803-FLA-(KSx)